IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–00391–MSK–KMT

PROCOM SUPPLY, LLC, a Colorado limited liability company,

      Plaintiff,

v.

MECHEL LANGNER, an individual,
BARBARA LANGNER, an individual,
AHARON MANN, an individual,
FIRST NATIONAL GROUP, LLC, a limited liability company,
L AND M REALTY BROKERS LLC, a limited liability company,
FIRST NATIONAL MANAGEMENT LLC, a limited liability company,
REAL INVESTORS LLC, a limited liability company,
RUEBEN GREEN, an individual, and
FRED P. SCHWARTZ, ESQ., an individual,

      Defendants.

**ORDER**

This matter is before the court on the "Amended Motion for Entry of Default Judgment Against Defendant Fred P. Schwartz, Esq." (Doc. No. 41, filed April 20, 2012), Defendant Schwartz's "Motion for Relief from Default and for Leave to File his Answer to Plaintiff's Complaint *Instanter*" (Doc. No. 50, filed April 26, 2012), and Plaintiff Procom's "Response to Motion of Defendant Fred P. Schwartz for Relief from Default" (Doc. No. 55, filed May 1, 2012). The motions are ripe for ruling.

## I. PROCEDURAL BACKGROUND

Defendant Schwartz was served the Complaint on March 15, 2012, at his home, and return of service was filed on March 26, 2012. (Doc. No. 14.) Defendant Schwartz failed to answer, move, or otherwise plead in response to the Complaint. Defendant Schwartz's response to the Complaint was due without extension by April 5, 2012. *See* D.C.Colo.LCivR 7.1(C). Plaintiff filed an Amended Motion for Entry of Default Judgment against Defendant Schwartz on April 20, 2012 (Doc. No. 41), and on April 23, 2012, the Clerk entered the requested default against Defendant Schwartz. (Doc. No. 42.)

## II. FACTS

Plaintiff's Complaint alleges that Defendant Fred Schwartz was a member of Defendant Real Investors in 2008 at the time Plaintiff transferred the invested funds at issue in this matter to its bank account on September 25, 2008. (Compl. ¶ 17.) Plaintiff alleges that Defendant Schwartz, as a member of Defendant Real Investors, fraudulently used the invested funds. (*Id.* ¶ 29.) Defendant Real Investors allegedly used $20,500 of the invested funds to pay its own debts and expenses, and/or make investments in its own name, and Plaintiff asserts that, on or about September 25, 2008, Defendant Real Investors transferred $150,000 of the invested funds from its Huntington National Bank account to a checking account in the name of First National Group at JPMorgan Chase Bank. (*Id.* ¶¶ 18-19.)

## III. LEGAL STANDARD

The court may set aside an entry of default for good cause. *See* Fed. R. Civ. P. 55(c). This good cause standard is a less demanding standard than the excusable neglect standard which must be shown for relief from judgment under Fed. R. Civ. P. 60(b). *Id.*; *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997). In determining whether to vacate the Clerk's entry of default, the court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the plaintiff will be prejudiced by setting aside the entries of default; and (3) whether the defendant has a meritorious defense. *See Hunt v. Ford Motor Co.*, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)). The court need not consider each of these three factors and may consider other facts in its discretion. *Id.* Guiding the court's analysis is the time-honored principle that "[t]he preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *see also Katzson Bros. v. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988) (noting that "default judgments are not favored by courts"). It is, however, within this court's discretion to balance the judicial preference against default judgments with considerations of social goals, justice, and expediency. *Gomes*, 420 F.2d at 1366.

## IV. ANALYSIS

*Culpable Conduct*

Defendant Schwartz requests that the court grant relief from default entered by the Clerk on April 23, 2012 (Doc. No. 42), because his attorney, though informed of the Complaint filed against Schwartz one week after it was served the evening of May 15, 2012, was in the midst of a three-week-long business trip to New York for expert depositions in a pending case in the Southern District of Indiana with trial scheduled in June 2012. (Doc. No. 51 at 5.) Defendant Schwartz's counsel asserts that he attempted to contact Plaintiff's counsel several times during the following weeks to request an extension of time to answer the Complaint, but was unable to reach said counsel. *Id.* Furthermore, Defendant Schwartz's counsel states he was required to apply for admission to the bar of Colorado and for the acquisition of an electronic filing login to be able to use the Court's ECF system and to file an entry of appearance and answer. *Id.*

*Mitigation of Culpability*

A willful failure to respond constitutes culpable conduct. *United States v. Timbers Preserve, Routt County*, 999 F.2d 452, 454 (10th Cir. 1993). However, if a defendant can establish an honest mistake, and he can show that a quick response to remedy its mistake does not evidence a desire to delay the litigation, but rather provides further support for defendant's contention that his failure to respond was an honest mistake, then culpability is mitigated. *Zen & Art of Clients Server Computing, Inc. v. Resource Support Associates, Inc.*, No. 06-cv-00239-REB-MEH, 2006 WL 1883173, at *2 (D. Colo. July 7, 2006).

In viewing the facts in a light most favorable to moving party, though Defendant Schwartz through his counsel admits his culpability, Defendant Schwartz's culpability has been mitigated. Defendant Schwartz and his undersigned counsel were acting reasonably and in good faith in that Defendant Schwartz contacted his counsel within a reasonable time period of being served the complaint (Doc. No. 51 at 5), and his counsel tried several times to contact opposing counsel by way of telephone. *Id.* Plaintiff's counsel admits to receiving a message from Defendant Schwartz's counsel, and also admits to having not responded to that call. (Doc. No. 55 at 2.) Plaintiff's counsel received another voice message from Defendant Schwartz's counsel after default had been entered, and only then did Plaintiff's counsel return that phone call and state that he was unwilling to grant an extension to answer. *Id.* While pressing business is generally not excusable neglect, *see e.g., Cassirer v. San Miguel Cnty. Bd. of Cnty. Comm'rs*, No. 08-cv-01668-MSK-CBS, 2009 WL 1844326, at *5 (D. Colo. June 23, 2009) (noting that "the excusable neglect standard is not met simply because an untimely filing is attributed to the press of other matters"); *Shupper v. Edie*, No. 06-cv-01524-LTB-MJW, 2007 WL 867993, at *6 (D. Colo. March 20, 2007) ("[t]he press of other business does not amount to excusable neglect"), the court finds that Defendant Schwartz's failure to respond was honest, he responded quickly and appropriately to the entry of default, and he did not intend to delay the litigation.

*Prejudice*

Defendant Schwartz filed the instant motion only three days after the Clerk entered default. Plaintiff asserts that prejudice will occur if Defendant Schwartz's motion is granted. (Doc. No. 55.) Plaintiff argues that " . . . the prejudice which will result to the Plaintiff will [sic]

that he will be forced to conduct discovery, pretrial motions practice, anticipated mediation and trial. All this could have been avoided had Defendant Schwartz followed the [R]ules of [C]ivil [P]rocedure." *Id.* Unfortunately, though Plaintiff's time and court costs in drafting and filing the motion for default judgment and response to Schwartz's motion could have been avoided, all other pre-trial and trial actions would not have been avoided had Defendant Schwartz followed the Rules of Civil Procedure.

The court takes seriously the disruption caused by Schwartz's untimely participation. Nevertheless, the court finds no prejudice to Plaintiff in setting aside an entry of default this early in the case. *See Zen & Art of Clients Server Computing*, 2006 WL 1883173 at *2 (finding no prejudice in setting aside default when defendant's counsel entered an appearance seven days after default was entered and filed a motion for relief ten days after default was entered); *see also Currie v. Woods*, 112 F.R.D. 408, 410 (E.D.N.C. 1986) (finding no prejudice when the motion to set aside default was filed only eighteen days after the default was entered). Moreover, the Tenth Circuit has mitigated prejudice in the past by imposing conditions on the defendant. *See* 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2700 (2010); *see also Littlefield v. Walt Flanagan & Co.*, 498 F.2d 1133, 1136 (10th Cir. 1974) ("The imposition of conditions in an order vacating a default is a device frequently used to mitigate any prejudice which plaintiff may suffer by allowing defendants to plead."). The court in *Archer v. Darling* recognized that what prejudice arose from setting aside the default judgment ought to be imposed upon the defendant, and required the defendant to pay reasonable attorney's fees and

costs incurred.  *See Archer v. Darling*, No. 09-cv-01988, 2011 WL 63634, at *3 (D. Colo. Jan. 7, 2011).

*Meritorious Defense*

Finally, the defendant must have a meritorious defense.  *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978).  "[T]he court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense in the action."  *Id.*  Defendant Schwartz has attached a draft Answer that lays out specific allegations and defenses.  (Doc. No. 50-2.)  Because Defendant Schwartz has set forth specific allegations to support its defense, not simply general denials, the court believes that Defendant Schwartz should have the opportunity to assert those defenses against Plaintiff's claims.  *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951) (holding that any doubts regarding entry of default should be resolved in favor of the defendant, particularly because "matters involving large sums of money should not be determined by default judgment if it can reasonably be avoided").

Therefore, for the foregoing reasons, and finding good cause for Defendant Schwartz's failure timely to answer, the court finds the Clerk's entry of default should be set aside.

WHEREFORE, the court

**ORDERS** that the "Motion of Defendant, Fred P. Schwartz, for Relief from Default and for Leave to File his Answer to Plaintiff's Complaint *Instanter*" (Doc. No. 50) be GRANTED as follows:

1. Defendant Schwartz is relieved from entry of default;

2.  Defendant Schwartz is required to pay all reasonable attorney's fees and court costs incurred by Plaintiff in seeking default judgment against Defendant Schwartz and in opposing the Motion for Relief from Default.  Plaintiff Procom and Defendant Schwartz shall attempt to reach a stipulation regarding a reasonable amount and file a joint motion for imposition of an award on or before July 2, 2012.  If the parties are unable to reach a stipulation, Plaintiff shall file, on or before July 9, 2012, a motion which includes a statement of attorney's fees and costs deemed to have been incurred as a result of seeking default judgment against Defendant Schwartz and in responding to the Motion for Relief from Default.

3.  The Clerk is directed to file Defendant Schwartz's Answer. (Doc. No. 50-2.)

The court further

**ORDERS** that the Amended Motion for Entry of Default Against Schwartz (Doc. No. 40) is DENIED as moot.

Dated this 21st day of June, 2012.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge