**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 12-cv-00391-MSK-KMT

PROCOM SUPPLY, LLC,

        Plaintiff,

v.

MECHEL LANGNER,
BARBARA LANGNER,
AHARON MANN,
FIRST NATIONAL GROUP, LLC,
FIRST NATIONAL MANAGEMENT, LLC,
REAL INVESTORS LLC,
RUEBEN GREEN,
FRED P. SCHWARTZ, ESQ., and
L AND M REALTY BROKERS LLC,

        Defendants.

---

**OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS
FOR DEFAULT JUDGMENT AND DISMISSING ACTION FOR LACK OF SUBJECT
MATTER JURISDICTION**

---

**THIS MATTER** comes before the Court on the Magistrate Judge's Recommendation

(**#80**) to grant Plaintiff's motions for default judgment against Defendants Mechel Langner,

Barbara Langner, Aharon Mann, Rueben Green, First National Group, LLC, First National

Management, LLC, Real Investors LLC, and L and M Realty Brokers LLC (**#s 23, 24, 27, 54,**

**37, 38, 39, 40**).

**I.  Jurisdiction**

Plaintiff, Procom Supply, LLC, (Procom), has invoked federal diversity jurisdiction

under 28 U.S.C. § 1332(a).  The Court will address the sufficiency of its jurisdiction as part of

this opinion.  *See Dennis Garber & Associates, Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767,

773 (10th Cir. 1997) (district court has jurisdiction to determine its jurisdiction).

## II.  Background

In February 2012, Procom filed its Complaint **(#1)** asserting three claims for relief

against each Defendant:  (1) unjust enrichment, (2) conversion and civil theft, and (3) civil

conspiracy.  Between March 7 and April 2, 2012, Procom served each defendant with both the

Summons and Complaint **(#s 10-17, 19)**.  None of the Defendants answered, moved against, or

otherwise responded to Procom's complaint.

Procom then filed the instant motions for default judgment against each Defendant.  The

Clerk of Court entered default against Defendants L and M Brokers, LLC, First National

Management, LLC, and Real Investors, LLC, on April 20, 2012 **(#36)**, against Defendants

Mechel Langner, Barbara Langner, Aharon Mann, and Rueben Green on April 23, 2012 **(#42)**,

and against First National Group, LLC, on May 2, 2012 **(#59)**.[1]

The Court referred the motions to the Magistrate Judge for a Recommendation pursuant

to 28 U.S.C. § 636(b)(1)(B).  On July 11, 2012, the Magistrate Judge recommended **(#80)** that

the motions be granted.  No party filed objections to the Recommendation under Rule 72.

## II.  Standard of Review and Issue Presented

When a magistrate judge issues a recommendation on a dispositive motion, the parties

may file specific, written objections within fourteen days after being served with a copy of the

recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The district court shall make a

*de novo* determination of those portions of the recommendation to which timely and specific

objection is made.  *U.S. v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057,

---

[1]    Default was also entered against Defendant Schwartz **(#42)**, but Mr. Schwartz later
appeared and successfully moved to set aside that entry **(#68)**.

1060 (10th Cir. 1996).  When no party files objections to a magistrate judge's recommendation, the court has discretion to review the recommendation under whichever standard of review it deems appropriate.  *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

Here, no party objected to the magistrate's recommendation, but the Court will review it under the otherwise applicable *de novo* standard of review.  Thus, the issue to be decided is whether Procom's motions for default judgment should be granted under Fed. R. Civ. P. 55.

## IV.  Analysis

After reviewing Procom's complaint and motions, the Court makes the following findings and conclusions.

### A.  Jurisdiction

When a plaintiff seeks default judgment against a defendant who failed to plead or otherwise defend, the Court has an affirmative duty to determine whether jurisdiction exists over both the subject matter and the parties.  *Garberg*, 115 F.3d at 771.  Whether jurisdiction exists must be determined from the facts alleged in the Complaint, without regard to conclusory allegations of jurisdiction.  *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  The burden of establishing federal jurisdiction is on the party asserting jurisdiction.  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

#### 1.  Subject Matter Jurisdiction

Under 28 U.S.C. § 1332(a), federal district courts have diversity jurisdiction over civil matters where (1) the controversy is between citizens of different states, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.  Section 1332 provides jurisdiction only where there is complete diversity — meaning that all plaintiffs must be of different

citizenship than of all defendants.  *Ravenswood Inv. Co., L.P. v. Avalon Correctional Services*, 651 F.3d 1219, 1223 (10th Cir. 2011).

For purposes of diversity jurisdiction, an individual is considered a citizen of the state in which he or she is domiciled.  *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983).  Domicile is not synonymous with residence, but is rather a combination of physical presence in a place and a certain state of mind, that is, the intent to remain there.  *Martinez v. Martinez*, 62 Fed.Appx. 309, 313 (10th Cir. 2003) (unpublished).

If the defendant is a corporation, it is deemed a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c).  However, the same rule does not extend to limited liability companies (LLCs).  Although the Tenth Circuit has not directly addressed the issue, the consensus among the circuits is that an LLC is deemed a citizen of all the states in which each of its members are citizens.  *See Hale v. Mastersoft Int'l Pty. Ltd.*, 93 F.Supp.2d 1108, 1112 (D.Colo. 2000); *United States v. Advisor, LLC v. Berkshire Prop. Advisors, LLC*, 2009 U.S. Dist. LEXIS 98666, at *6, 2009 WL 2055206 (D.Colo. 2009) (unpublished) (collecting cases addressing the issue); *see also Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-196 (1990) (holding that the citizenship of a limited partnership is determined by reference to citizenship of all of its limited partners).

Here, Procom states in its complaint that this court has jurisdiction under 28 U.S.C. §1332(a) because "[t]here is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs."  Turning first to the sufficiency of Procom's allegations of its own citizenship, the Complaint states that Procom is a limited liability company with its principal place of business in Colorado.  It identifies Mr.

Wayne Dale as its "member and agent."  However, it does not identify Mr. Dale's citizenship, nor does it identify whether other members of Procom exist, and if so,  their citizenship.

Turning to the Defendants, the Complaint alleges that the LLC defendants are located in New York, Pennsylvania, Maryland, and Ohio, and that their principal places of business are located in those states.  Defendants Mr. Green and Mr. Schwartz are identified as members of defendant Real Investors, LLC.  But it is unclear from the Complaint whether Mr. Green and Mr. Schwartz are Real Investors' sole members.  And, as to the remaining LLC defendants, the Complaint fails to identify any company members at all, much less their state(s) of citizenship. Without knowing the identity and citizenship of all members of each LLC, it is impossible to determine the citizenship of those entities.

Finally, the Complaint alleges that the named individual defendants are "residents" of New York and Ohio.  But the Complaint does not allege where those individuals are domiciled. Because residence and domicile are not synonymous,  Procom's allegations of residence are insufficient to determine the citizenship of those individuals.

Thus, on the basis of the allegations contained in the complaint, the Court concludes that Procom has failed to establish that the Court has subject matter jurisdiction over this action.

## 2.  Personal Jurisdiction

For the sake of completeness, the Court notes that personal jurisdiction over the defendants must also be established before default judgment can enter.  *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986) (a judgment is void if the court that enters it lacks jurisdiction over either the subject matter or the parties); *Garberg*, 115 F.3d at 772 (district court must determine whether it has jurisdiction over the defendant before entering default judgment against a party who has not appeared).

Should Procom amend its complaint to establish subject matter jurisdiction, it also must properly serve each defendant with its amended complaint in compliance with Fed. R. Civ. P. 4. *See Hukill v. Oklahoma Native Am. Domestic Violence Coalition*, 542 F.3d 794, 797 (10th Cir. 2008) (service of process under Rule 4 provides the mechanism by which a court asserts jurisdiction over the person of the party served).

## B.  Default Judgment

Assuming that Procom can ultimately establish subject matter jurisdiction, the Court nevertheless concludes that Procom's pending motions for default judgment cannot be granted.

Once default judgment is requested, the Court must determine whether the unchallenged facts alleged create a legitimate basis for the entry of a judgment. *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010); *see also Weft, Inc. v. G.C. Inv. Assocs.*, 630 F.Supp. 1138, 1143 (E.D.N.C. 1986) (upon default, a plaintiff is entitled to a determination of liability unless he has failed to state a legal basis for relief or it is clear from the face of the complaint that the allegations are not susceptible of proof).  In determining whether judgment should enter, the Court treats the well-pleaded facts in a complaint[2] as true. *Id.* (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).  This is so because by a default, a defendant effectively admits the well-pleaded allegations of fact contained in the complaint. *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).  However, a default is not treated as a confession of liability, and, by failing to respond, a defendant does not concede the plaintiff's legal conclusions. *Bixler*, 596 F.3d at 762.

---

[2] The Plaintiff and the Magistrate Judge relied upon evidence submitted in support of the Motions for Default Judgment for the pertinent facts.  However, because the Defendants were never served with such Motions, they have not had the opportunity to contest the evidence submitted.  Their only opportunity to object was in conjunction with the Complaint served upon them.  Thus, it is the sufficiency of the facts stated in the Complaint that the Court considers.

Thus, the Court must determine whether the allegations contained in Procom's complaint are sufficient to state a claim for relief.  To state a claim for relief, the complaint must contain sufficient factual matter, accepted as true, to show that the claim is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).  A claim is facially plausible when the plaintiff pleads facts that allow the court to reasonably infer that the defendant is liable for the alleged conduct.  *Id.*  A pleading that offers mere legal conclusions, or a recitation of the elements of a cause of action, is insufficient.  *Id.*

### 1.  General Allegations

Having reviewed the Complaint, the Court finds that the following facts are well-pled and non-conclusory, and thus are deemed to be admitted by the Defendants:

- Non-party Daniel Kasnett and "his related business entities" solicited Procom to invest in a multi-tenant condominium building in Cleveland, Ohio (the Cleveland Project).  Based on Kasnett's representations, Procom "invested" $189,000 in the project.  Procom, at Kasnett's direction, wired its investment to a bank account in the name of Real Investors.  However, "the Cleveland Project never closed."

- Real Investors used $20,500 of Procom's investment funds for its own purposes and transferred $150,000 of the funds to First National Group.

- First National Group used a portion of the funds for its own purposes and transferred various other amounts to accounts in the names of L and M Realty, Mechel and Barbara Langner, and First National Management.

- L and M Realty used a portion of the funds it received for its own purposes and transferred a portion to an account in the name of Aharon Mann.

.

## 2.  Unjust Enrichment

Procom alleges that defendants Real Investors, L and M Realty, Aharon Mann, First National Group, Mechel Langner, Barbara Langner, and First National Management each received a substantial benefit by retaining money that they received as a result of Kasnett's fraudulent misrepresentations to Procom concerning the Cleveland Project, and that "[i]t would be unjust to allow the Defendants to retain money belonging to Procom."

Unjust enrichment is a form of restitution designed to restore the plaintiff to his or her prior status.  *Harris Group, Inc. v. Robinson*, 209 P.3d 1188, 1205 (Colo. App. 2009).  A party claiming unjust enrichment must prove that (1) the defendant received a benefit (2) at the plaintiff's expense (3) under circumstances that would make it unjust for the defendant to retain the benefit without commensurate compensation.  *Lewis v. Lewis*, 189 P.3d 1134, 1141 (Colo. 2008).

The Complaint adequately alleges that each of the named Defendants received a benefit (a portion of Procom's investment funds), and that the benefit was received at Procom's expense.  However, the Court finds that Procom has failed to allege facts sufficient to show what circumstances existed such that it would be unjust for Defendants to retain Procom's investment.  Although the complaint makes several legal conclusions, it does not allege facts to show (1) who initially received Procom's "investment" of $189,000, (2) what consideration was received by Procom in exchange for its investment, or (3) the factual circumstances of the exchange that make it unjust for the investment funds to flow to the Defendants.  Thus, default judgment would be inappropriate on this claim.

## 2.  Conversion and Civil Theft

Procom also asserts claims for conversion and civil theft pursuant to Colorado common law and the civil theft statute, section 18-4-405, C.R.S. 2011.[3]  Procom contends that Real Investors obtained its $189,000 by theft, and that the remaining defendants are in current possession of the stolen funds.

Common law conversion is any distinct, unauthorized act of dominion or ownership exercised by one person over personal property belonging to another.  *Rhino Fund, LLLP v. Hutchins*, 215 P.3d 1186, 1196 (Colo. App. 2008).  Conversely, a claim under the civil theft statute requires proof that the property was taken with the specific intent to permanently deprive the owner of the benefit of the property.  *See* § 18-4-405 (property taken by theft, robbery, or burglary shall be restored to the owner); *Itin v. Ungar*, 17 P.3d 129, 133-34 (Colo. 2000) (for purposes of the civil theft statute, plaintiff must prove all the elements of at least one of the statutory crimes, including culpable mental states).  Civil theft may be asserted against the taker of the property and also against any person who is in possession of the stolen property.  § 18-4-405.

The Court finds that Procom fails to state a claim for relief under either common law conversion or the civil theft statute.  As noted, the complaint does not allege any facts about the circumstances surrounding Procom's transaction with Real Investors.  Instead, the complaint makes the conclusory allegations that (1) "Real Investors, by and through its agent Dale Kasnett, willfully and knowingly obtained or exercised control over the [investment funds] by deception," (2) "Real Investors took by theft the [investment funds]," and (3) "Real Investors intended to deprive Procom permanently of the use or benefit" of the invested funds.  Without allegations

---

[3]     Procom cites to section 18-4-408, C.R.S. 2011 (theft of trade secrets).  The Court presumes this to be an oversight by Procom.

that define what the investment was and the consideration therefor, one cannot infer from either the transfer of the funds to third parties or a failure to return them that the recipient intended to permanently deprive the Plaintiff of the benefit of the investment.  Thus the conclusory allegations are insufficiently supported to draw the factual inference necessary for these claims.

### 3.  Civil Conspiracy

Procom's final claim for relief is one for civil conspiracy.  Procom alleges that defendants "agreed by words or conduct to receive and retain funds belonging to Procom for their own use through unlawful means, namely through Kasnett's fraudulent misrepresentations concerning the Cleveland Project."

To establish a civil conspiracy, a plaintiff must prove that (1) the defendant had an object to be accomplished; (2) two or more persons agreed on a course of action to accomplish that object; (3) in furtherance of that course of action, one or more unlawful acts were performed to accomplish a lawful or unlawful goal, or, one or more lawful acts were performed to accomplish an unlawful goal; and (4) the plaintiff suffered damages as a proximate result.  *Magin v. DVCO Fuel Systems, Inc.*, 981 P.2d 673, 674-75 (Colo. App. 1999).

Again, Procom has failed to allege facts sufficient to support its claim.  To the extent Procom has alleged that the goal of defendants was to obtain its money unlawfully, Procom has failed to allege any facts to define the scope of the conspiracy. Most notably, the complaint contains no allegations of specific agreements among defendants that would establish a course of action, nor does it allege what actions were actually taken by the defendants to accomplish their goal.  Thus, like its other claims, Procom cannot obtain default judgment against defendants for civil conspiracy.

## V. Conclusion

For the forgoing reasons, the Court **DECLINES** to adopt the Magistrate Judge's Recommendation **(# 80)** and **DENIES** plaintiff's motions for entry of default judgment **(## 23, 24, 27, 54, 37, 38, 39, 40)**.  Additionally, the Court **DISMISSES** the action for lack of subject matter jurisdiction, but stays the effect of the dismissal order pending the filing of an amended Complaint. The Plaintiff shall have 14 days to file an amended Complaint, failing which the stay shall lift and the Clerk shall close the case.

Dated this 11th day of October, 2012

BY THE COURT:

Marcia S. Krieger
United States District Judge