IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–00391–MSK–KMT


PROCOM SUPPLY, LLC, a Colorado limited liability company,

      Plaintiff,

v.

MECHEL LANGNER, an individual,
BARBARA LANGNER, an individual,
AHARON MANN, an individual,
THE FIRST NATIONAL GROUP, LLC, a limited liability company,
L AND M REALTY BROKERS LLC, a limited liability company,
FIRST NATIONAL MANAGEMENT LLC, a limited liability company,
REAL INVESTORS LLC, a limited liability company, and
FRED P. SCHWARTZ, ESQ., an individual,

      Defendants.

---

**ORDER**

---

This matter is before the court on "Plaintiff's Motion for Jurisdictional Discovery" and Plaintiff's request for a 45-day extension of the deadline to respond to Defendants Mechel Langner and Barbara Langner's Motions to Dismiss for Lack of Personal Jurisdiction [Doc. Nos. 120 and 121]. [Doc. No. 129, filed May 2, 2013] ("Mot."). Defendants responded on May 13, 2013 [Doc. No. 132], and Plaintiff replied on May 15, 2013 [Doc. No. 136] ("Reply"). The matter is ripe for review and ruling.

The issue before the court at this juncture is not whether either of the Langners[1] were properly served or whether either of them is subject to jurisdiction in Colorado.  Rather the court now decides only whether Plaintiff is entitled to limited discovery in light of Defendants' challenge to personal jurisdiction and Mechel Langner's challenge to service of process on largely the same grounds.

A plaintiff need only make a prima facie showing of personal jurisdiction to defeat a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2).  *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998).  In making this showing, the allegations of the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits.  *Grynberg v. Ivanhoe Energy, Inc.*, 666 F. Supp. 2d 1218, 1229 (D. Colo. 2009).  The allegations of the Amended Complaint herein, including the jurisdictional allegations, have been challenged by Mechel and Barbara Langner through submission of Affidavits attached separately to their Motions to Dismiss.  *See* Affidavit of Mechel Langner, [Doc. No. 120-1] ("ML Aff."); Affidavit of Barbara Langner, [Doc. No. 121-1] ("BL Aff.").  Therefore, the jurisdictional allegations of the Complaint are not taken as true.

Although a district court has discretion in the manner by which it resolves jurisdictional issues, "a refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant."  *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002).  "Prejudice is present where pertinent facts bearing on the question of jurisdiction are

---

[1] Mechel Langner is the son of Barbara Langner.

controverted or where a more satisfactory showing of the facts is necessary." *Id.* (internal citations omitted).

In its Complaint, Plaintiff alleges that the Langners are both residents of New York. *See* Amended Verified Complaint [Doc. No. 88] at ¶¶ 2-3 ("Am.Compl."). The Amended Complaint also acknowledges that the Langners occasionally reside in Israel. *Id.* at ¶ 13. Defendant Mechel Langner contends he is a full time resident of Israel and does not reside in New York. ML Aff. at ¶ 2. Plaintiff also states that Mechel Langner is a member of Defendants Real Investors LLC, L and M Realty Brokers LLC, The First National Group LLC, and First National Management LLC. Am.Compl. at ¶¶ 7-10. All of the entity defendants are alleged to have been domestic companies with their principal places of business in Ohio, Pennsylvania, or Maryland. *Id.* Plaintiff alleges that the Langners and the other individual defendants and the companies are in some manner associated with and linked to Plaintiff through their connection to Daniel Kasnett, who Plaintiff alleges worked directly for or with each individual defendant. *Id.* at ¶ 14. Mechel and Barbara Langner both aver they have never met or spoken with Wayne Dale or anyone else from Plaintiff Procom and that they had never even heard of Procom prior to this lawsuit. ML Aff. ¶ 4; BL Aff. at ¶ 3. Both allege they have no contacts whatsoever with Colorado. ML Aff. at ¶ 6-7; BL Aff. at ¶ 5-6. Plaintiff claims that the Langners have been unjustly enriched and have committed conversion by receiving and retaining a portion of the $189,000 out of which Procom was defrauded as a result of Mr. Kasnett's fraudulent misrepresentations and a series of wire transfers that fraudulently distributed those funds that Procom intended to be invested in a real estate project. *Id.* at ¶¶ 35-58. Plaintiff claims that the

fraudulent disbursement of the Procom funds is the result of a conspiracy among all of the defendants including the Langners and Mr. Kasnett.  *Id.* at ¶¶ 60-64.

On its face, the Amended Complaint makes a *prima facie* showing of jurisdiction against the Langners.  However, such a showing may not be enough to establish personal jurisdiction given the contradicting affidavits of the Langners.  "[D]ue process requires . . . [a defendant] have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' "  *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940).)  A court may assert general jurisdiction over a defendant for any claim, whether arising from activities in the state or not, "based on the defendant's general business contacts with the forum state." *OMI Holdings*, 149 F.3d at 1091 (citing *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 415 (1984)). "However, '[b]ecause general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts.' " *Id.* (quoting *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir.1996)).  In determining whether a defendant's contacts with a forum state are "continuous and systematic", courts have considered

> (1) whether the corporation solicits business in the state through a local office or agents; (2) whether the corporation sends agents into the state on a regular basis to solicit business; (3) the extent to which the corporation holds itself out as doing business in the forum state, through advertisements, listings or bank accounts; and (4) the volume of business conducted in the state by the corporation.

4

*Kuenzle v. HTM Sport-und Freizeitgerate AG*, 102 F.3d 453. 457 (10th Cir. 1996) (citing

*Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1533 (10th Cir. 1996)).  *See*

*Grynberg*,. 666 F. Supp.2d at 1230.

The Tenth Circuit has held,

> When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by the motion.  The trial court, however, is vested with broad discretion… A refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant.

*Grynberg v. Ivanhoe*, 490 F. App'x 86, 108 (10th Cir. 2012).

Defendants have set forth no bona fide reason why the Plaintiff should not be allowed discovery to challenge the assertions by the Langners that the court lacks personal jurisdiction as to them.  Given the allegations in the Langner Affidavits and the fact that the Amended Complaint charges a conspiracy, discovery pertinent to jurisdictional issues will necessarily include information about the Langner Defendants' role and involvement in the alleged fraudulent scheme and their knowledge of the other Defendants and the Plaintiff in order to determine the extent of the Langner Defendants' contacts with Colorado.

Therefore, it is **ORDERED**

1.      "Plaintiff's Motion for Jurisdictional Discovery" [Doc. No. 129] is **GRANTED**, as follows:

        a.      Plaintiff may take up to three depositions and may serve up to a total of fifteen interrogatories, a total of fifteen requests for production of documents, and a total of fifteen requests for admission directed at jurisdictional issues;

      b.     All written discovery must be served on or before May 31, 2013;

      c.     Responses to all written discovery from the Langners must be submitted on or before June 24, 2013;

      d.     All discovery allowed pursuant to this Order must be completed on or before June 28, 2013;

      e.     Plaintiff's responses to Defendants' Motions to Dismiss [Doc. Nos. 120 and 121] shall be filed on or before July 8, 2013;

      f.     Defendants' replies, if any, shall be filed on or before July 22, 2013.

2.     The Discovery Cut Off Date is extended to October 30, 2013 for all other purposes.

Dated this 17th day of May, 2013.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge