**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-00391-MSK-KMT

PROCOM SUPPLY, LLC, a Colorado limited liability company,

Plaintiff,

v.

MECHEL LANGNER, an individual, BARBARA LANGNER, an individual, AHARON MANN, and individual, THE FIRST NATIONAL GROUP, LLC, a limited liability company, L AND M REALTY BROKERS LLC, a limited liability company, FIRST NATIONAL MANAGEMENT LLC, a limited liability company, REAL INVESTORS LLC, a limited liability company, and FRED P. SCHWARTZ, ESQ., an individual.

Defendants.

_____

**PLAINTIFF'S OBJECTION TO MAGISTRATE'S RECOMMENDATION REGARDING
MOTION FOR ENTRY OF DEFAULT JUDGMENT**
_____

Plaintiff Procom Supply, LLC, through counsel, Anthony L. Leffert of Robinson Waters & O'Dorisio, P.C., hereby objects to the Recommendation of the Magistrate Judge [Doc. 162] with respect to the Plaintiff's Motion for Entry of Default Judgment [Doc. 99] pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).  Plaintiff Procom objects to the Recommendation of the Magistrate Judge in finding that this Court does not have personal jurisdiction over the defaulting defendants, Aharon Mann, The First National Group, LLC, L and M Realty Brokers LLC, First National Management LLC, and Real Investors LLC.

Procom believes that the Magistrate Judge erred, committed plain error, and abused her discretion in finding that the defaulting defendants did not have minimum contacts with the State of Colorado; did not purposefully direct activities at residents of the State of Colorado; and that the Plaintiff's injuries did not arise out of the defaulting defendants' activities in the State of

Colorado. Plaintiff's Complaint specifically alleges that the defaulting defendants committed an intentional action; that was expressly aimed at Procom, a Colorado limited liability company; with the knowledge that the brunt of the injury would be felt in Colorado. *See Calder v. Jones,* 465 U.S. 783 (1984) and *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. Appx. 86 (10th Cir. 2012). The Magistrate Judge improperly determined that, based on the allegations of the amended complaint, the only actions directed at Colorado were taken by Daniel Kasnett, a non-party, and his unidentified "business affiliates" who allegedly reached out to Colorado to solicit Procom's investment in the non-existent Cleveland project. The Magistrate Judge further found that, "Thus, the only direct contacts with Colorado are those of a non-party, not the defaulting defendants." The Magistrate Judge failed to consider or accept as true the allegations in the Plaintiff's Second Claim for Relief for conversion and civil theft. These allegations are as follows:

> 49. Mr. Kasnett deceived Procom by misrepresenting to Mr. Wayne Dale, Procom's agent, that the Cleveland Project existed and that Procom's Invested Funds would be invested and used for the supposed real estate project. Procom transferred the Invested Funds to Real Investors in reliance on Mr. Kasnett's misrepresentations that the Funds would be invested in the Cleveland Project.
>
> 50. Mr. Kasnett, as an agent for Defendant Real Investors, used the fictitious Cleveland Project as a vehicle by which to fraudulently solicit and obtain the Invested Funds from Procom with the specific intent to use the funds not for an actual real estate investment but for the Defendants' personal use.
>
> 51. Procom did not authorize Real Investors to distribute the Invested Funds to the Defendants, at all times believing that the money would be used to finance the

Cleveland Project. In fact, Mr. Kasnett repeatedly misrepresented to Mr. Dale that the Cleveland Project was progressing and later even that the Project had been completed. By this conduct, the Real Investors, by and through its agent, Mr. Kasnett committed an unauthorized act of dominion or ownership over the Invested Funds, which belonged to Procom.

52. Real Investors, by and through its agent, Mr. Kasnett, willfully and knowingly obtained or exercised control over the Invested Funds as a direct result of Mr. Kasnett's act of deception, namely his misrepresentations to Mr. Dale concerning the existence of the Cleveland Project and the use to which the Invested Funds would be put.

53. Real Investors, by and though its agent, Mr. Kasnett, specifically intended to deprive Procom permanently of the use or benefit of the Invested Funds as Ms. Kasnett misrepresented that the Invested Funds would be invested in a real estate project that did not, in fact, exist. Instead, Real Investors diverted the Invested Funds to the Defendants for their own personal use and never intended to actually invest the money in a real estate project.

54. It has now been four years since the Defendants obtained the Invested Funds, and despite Procom's demands and service of the original Complaint [and the Amended Complaint] in this case claiming that the Defendants obtained their respective portions of the Invested Funds by theft, none of the Defendants, with the exception of Reuben Green, has repaid Procom. Further, each of the Defendants used the money they received for their personal benefit. Thus, Defendants had the specific intent to permanently deprive Procom of the Invested Funds.

55. The Invested Funds constitute a thing of value.

56. Real Investors converted the Invested Funds. The remaining Defendants are or were persons in possession of the Invested Funds, which Real Investors converted.

57. Real Investors took by theft the Invested Funds. The remaining Defendants are or were persons in possession of the Invested Funds, which Real Investors obtained by theft.

These allegations, which must be accepted as true, establish that the defaulting defendants committed intentional actions; that were expressly aimed at the State of Colorado; with the knowledge that the brunt of the injury would be felt in the State of Colorado, specifically the theft of money from a Colorado limited liability company, Procom.

In addition, the allegations set forth above from the Amended Complaint also directly contradict the Magistrate Judge's finding that Mr. Kasnett's contacts with the State of Colorado were for his own behalf. Further, that Daniel Kasnett was both a co-conspirator and an agent for the defaulting defendants through their business dealings and common ownership of the limited liability companies. These specific factual allegations, set forth in Plaintiff's Amended Complaint, directly conflict with the finding of the Magistrate Judge that this Court lacks personal jurisdiction based upon an agency theory.

Similarly, the Magistrate Judge committed error and abused her discretion in finding that Procom has not set forth factual allegations of a specific agreement between any of the defendants and Mr. Kasnett to solicit and steal the invested funds. The Magistrate found, "Procom's Amended Complaint fails to establish a *prima facie* claim for civil conspiracy to support exercising personal jurisdiction over the defaulting defendants." Apparently, the

Magistrate Judge does not believe that the specific factual allegations set forth in paragraph 62 and 63 of the Amended Complaint sufficiently allege a conspiracy between the defaulting defendants to obtain Procom's money through fraudulent acts. Paragraphs 62 and 63 provides as follows:

> 62.   At the time the Invested Funds Procom wired the Invested Funds to Real Investors, in reliance on Kasnett's misrepresentations concerning the Cleveland Clinic, Defendants Mechel Langner, Mann, Reuben Green and Defendant Schwartz, along with Mr. Kasnett were all members of Real Investors LLC.
>
> 63.   Through their actions as members of Real Investors and taking Procom's money, Defendants Mechel Langner, Mann, Reuben Green and Defendant Schwartz, along with Mr. Kasnett agreed and conspired to solicit Procom to wire the Invested Funds to Real Investors by misrepresenting the existence of the Cleveland Project. These individual Defendants, as members of Real Investors, conspired and agreed among themselves and Mr. Kasnett to then distribute the Invested Funds from Real Investors to themselves and their related entities or affiliates for their own personal use.

These paragraphs specifically allege an agreement among the defaulting defendants and Daniel Kasnett to solicit Procom to wire what were to be invested funds to Defendant Real Investors by misrepresenting the existence of the Cleveland Project. Further, that these defendants conspired and agreed among themselves and Mr. Kasnett to then distribute the invested funds from Defendant Real Investors to themselves and their related entities or affiliates for their own personal use. Plaintiff's Amended Complaint also sets forth in specific detail the fraudulent use of Procom's money by these defaulting defendants by tracing the funds from

Procom's Colorado bank account to Defendant Real Investors to each of the defaulting defendants. This is exactly the type of specific allegations which support a claim for conspiracy and for which the Court can find personal jurisdiction.

WHEREFORE, Plaintiff respectfully requests that the District Court consider *de novo* and overrule the Recommendation of the United States Magistrate Judge [Doc. 162] in finding that there is personal jurisdiction over the defaulting defendants and granting Plaintiff's Motion for Entry of Default Judgment [Doc. 99], and for such other and further relief as the Court shall deem just and proper.

Respectfully submitted this 20th day of August, 2013.

                                        ROBINSON WATERS & O'DORISIO, P.C.

                                        *s/Anthony L. Leffert*
                                        Anthony L. Leffert
                                        Robinson, Waters & O'Dorisio, P.C.
                                        1099 18th Street, Suite 2600
                                        Denver, CO 80202
                                        Telephone:  (303) 297-2600
                                        Facsimile:   (303) 297-2750
                                        Email:  aleffert@rwolaw.com
                                        *Attorneys for Plaintiff Procom Supply, LLC*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on August 20, 2013 a true and correct copy of the foregoing was delivered electronically via the CM/ECF system, or by U.S. Mail, first-class postage prepaid, addressed to the following:

Eric H. Zagrans
Zagrans Law Firm LLC
24500 Chagrin Boulevard, Ste. 200
Cleveland, OH 44122

Mechel Langner
Ohel yehoshua 4
Jerusalem, Israel

                *s/Elizabeth Garfield*