**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 12-cv-00391-MSK-KMT

**PROCOM SUPPLY, LLC, a Colorado limited liability company,**

     **Plaintiff,**

**v.**

**MECHEL LANGNER,
BARBARA LANGNER,
AHARON MANN,
FIRST NATIONAL GROUP, LLC,
FIRST NATIONAL MANAGEMENT, LLC,
REAL INVESTORS LLC,
FRED P. SCHWARTZ, ESQ., and
L AND M REALTY BROKERS LLC,**

     **Defendants.**

_____

**OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING
RECOMMENDATION, AND DENYING MOTION FOR DEFAULT JUDGMENT**
_____

     **THIS MATTER** comes before the Court pursuant to Plaintiff Procom Supply, LLC's

("Procom") Objections (**# 163**) to the Magistrate Judge's August 19, 2013 Recommendation

(**#162**) that Procom's Motion for Default Judgment (**# 99**) against Defendants Mann, First

National Group, L&M Realty Brokers, First National Management, and Real Investors (the

"defaulting Defendants") be denied.

     According to Procom's Amended Complaint (**# 88**), in or about 2008, non-party Daniel

Kasnett solicited Procom to invest in a condominium project in Cleveland, Ohio.  Although not

memorialized in any written agreement, Procom invested $ 189,000 in the project.  The

1

Amended Complaint alleges that Procom "did not receive any consideration" in exchange for its funds, but later states that Procom was to be "an equity investor, [whose] funds would be repaid with profits when the [project] was completed." Procom alleges that Mr. Kansett never intended to actually build the project and that he simply distributed Procom's funds to the various other Defendants in this action.

Procom's "investment" was effectuated by Procom wiring the funds to a bank account controlled by Defendant Real Investors ("Real"). Thereafter, Real distributed some of those funds to Defendant First National Group ("FNG"). FNG transferred a portion of the funds to Defendants Mechel and Barbara Langner, and another portion of the funds to Defendant L&M Realty ("L&M"), and yet another portion of the funds to Defendant First National Management ("FNM"). L&M distributed a portion of the funds it received to Defendant Mann.

Based on these facts, the Amended Complaint asserts three causes of action, each against all of the named Defendants: (i) unjust enrichment; (ii) conversion/civil theft, in violation of C.R.S. § 18-4-405; and (iii) civil conspiracy.

Procom effected service of the Amended Complaint on all of the named Defendants. The defaulting Defendants failed to timely answer or move against the Amended Complaint. Procom moved (# 99) for a default judgment against the defaulting Defendants. This Court referred Procom's motion to the Magistrate Judge for a Recommendation.

On August 19, 2013, the Magistrate Judge issued a thorough recommendation (# 162) that the motion be denied. Specifically, the Magistrate Judge found: (i) that the Amended Complaint adequately demonstrated federal subject-matter jurisdiction against the Defendants,

2

premised upon diversity of citizenship under 28 U.S.C. § 1332[1]; but (ii) that the Court lacked

personal jurisdiction over any of the defaulting Defendants (all of whom reside outside of

Colorado).

Procom filed timely Objections (# 163) to the Recommendation, arguing that the

Amended Complaint adequately alleges that Mr. Kansett was acting as Real's agent when he

solicited Procom's investment in Colorado (and, apparently, although implicitly, argues that

because each of the remaining defaulting Defendants are members of Real, Real's contacts with

Colorado are sufficient to subject each of those Defendants to personal jurisdiction in Colorado

as well), or, in the alternative, argues that the Amended Complaint's allegations of conspiracy

among the defaulting Defendants and with Mr. Kansett is sufficient to subject them to personal

jurisdiction in Colorado based on Mr. Kansett's acts.

Pursuant to Fed. R. Civ. P. 72(b), the Court reviews the objected-to portions of the

Recommendation *de novo*.  Upon such *de novo* review, the Court agrees with and adopts the

Magistrate Judge's thorough and considered analysis, and merely elaborates on certain aspects of

it as follows.

Procom argues that the Amended Complaint expressly alleges that Mr. Kansett was

acting "as an agent for [Real]" when he fraudulently solicited Procom's investment.  As the

Recommendation noted, however, Procom's allegation in the Amended Complaint was

contradicted by evidence (in the form of deposition transcripts) that Procom attached to the

Amended Complaint, including testimony from Mr. Kansett himself, who denied that the funds

solicited from Procom were intended to further the project for which Real was seeking investors

---

[1]     The Court had previously found (# 87) that the allegations of diversity were insufficient and required Procom to cure that defect in the Amended Complaint.

-- an "internet real estate company" called "Real Prospex."[2]  *See e.g. Creelgroup, Inc. v. NGS American, Inc.*, 2013 WL 1188986 (6th Cir, Mar. 22, 2013) (slip op.) ("when [an exhibit] contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations"); *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2012).

Moreover, the Court further notes that the assertion that Mr. Kansett was acting as an agent for Real at the time he solicited Procom's investment is a conclusion of law, and thus, must be supported by allegations of fact that, if taken as true, would permit the conclusion to be drawn.  *See generally Wolman v. Catholic Health System of Long Island*, 853 F.Supp.2d 290, 298-99 (E.D.N.Y. 2012) (agency relationship requires pleading of facts showing that agent "had apparent or actual authority to bind" principal, and mere conclusory statements of agency status are insufficient to state a claim); *Haley Pain Co. v. E.I. Dupont de Nemours and Co.*, 775 F.Supp.2d 790, 799 (D.Md. 2011) (broad allegations that defendant was "agent or alter ego" of another party insufficiently specific to support finding of jurisdiction based on agency relationship); *Ozbakir v. Scotti*, 764F.Supp.2d 556, 572 (W.D.N.Y. 2011).  But Procom's Amended Complaint offers nothing more than the conclusory assertion that Mr. Kansett was acting as Real's agent.  It does not, for example, allege that Mr. Kansett specifically identified himself as being Real's agent, or that Mr. Kansett presented investment materials to Procom that referenced Real.  Indeed, it may be that Procom has assumed that Mr. Kansett was acting as Real's agent solely because Mr. Kansett had Procom wire the investment funds to a bank account in Real's name, *Docket* # 88 at ¶ 22 – a fact that, of itself, is in no way sufficient to support a conclusion that Mr. Kansett was acting as Real's agent.  Accordingly, because Procom has not

---

[2]      The Amended Complaint itself alleges that Real "was formed to raise money to invest in an internet company called Real Prospex."  *Docket* # 88 at ¶ 16.

alleged facts sufficient to support the legal conclusion that Mr. Kansett was acting as Real's agent when soliciting the funds, Procom has not demonstrated that Real (much less any of Real's members, for whom Procom makes absolutely no jurisdictional showing whatsoever) is subject to personal jurisdiction in Colorado.

Similarly, Procom's argument that its conclusory assertion that the defaulting Defendants conspired amongst themselves and with Mr. Kansett to defraud Procom is insufficient to permit jurisdiction to be exercised over the defaulting Defendants due to Mr. Kansett's activities in Colorado.  Procom's allegation of an agreement among the defaulting Defendants is nothing more than an allegation that they "agreed and conspired to solicit Procom" and "conspired and agreed among themselves and Mr. Kansett to then distribute the invested funds."  Where, as here, the underlying object of the alleged conspiracy is fraud, courts require the contours of the conspiracy to be pled with some particularity.  *See e.g. Unified Container, LLC v. Mazuma Capital Corp.*, 280 F.R.D. 632, 636-37 (D.Ut. 2012); *see also Farlow v. Peak, Marwick, Mitchell & Co.*, 956 F.2d 982, 990 & n. 11 (10th Cir. 1992) ("a complaint which merely implies, with the conclusory assertion of a conspiracy, that a defendant is responsible for someone else's fraudulent acts is insufficient").  Simply asserting that parties "agreed with" or "conspired with" one another, without any supporting factual averments identifying, *e.g.* the dates, parties to, and contents of the communications establishing the meeting of the minds, is insufficient.  *Smith v. Colorado Sears Roebuck*, 21 Fed.Appx. 796, 800 (10th Cir. 2001) (unpublished), *citing Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994).

Moreover, the Court further notes that, even if it were to conclude that it has personal jurisdiction over one or more of the defaulting Defendants, it would nevertheless refuse to enter a

default judgment in favor of Procom on the grounds that the Amended Complaint fails to state cognizable causes of action under any of the claims asserted against any of the Defendants for the reasons set forth in the Court's October 11, 2012 Opinion and Order (**# 87**).  Despite amending its complaint, Procom has still failed to explain how Real's distribution of money to the remaining defaulting Defendants reflects circumstances under which it would be unjust to permit those recipients to retain the funds without compensation to Procom[3]; fails to allege facts showing that the defaulting Defendants intended to permanently deprive it of the investment funds[4]; and, for the reasons stated above, fails to adequately allege a conspiracy with the requisite specificity.

Accordingly, the Court **OVERRULES** Procom's Objections (**# 163**) and **ADOPTS** the Magistrate Judge's Recommendation (**# 162**).  Procom's Motion for Default Judgment (**# 99**) is **DENIED**.  Moreover, the Court having found that it lacks personal jurisdiction over Defendants Mann, First National Group, L&M Realty Brokers, First National Management, and Real

---

[3]   For example, if the disbursement of funds discharged an outstanding obligation that Real owed to the recipient of the funds, one might conclude that Real may have been unjustly enriched by the disbursement of the funds (in that it satisfied its obligation to the recipient), but it is difficult to say that it is somehow unjust for that recipient to retain funds that came only indirectly from Procom, and which were tendered to the recipient in satisfaction of an unrelated debt.

[4]   *See also Mats v. Mazin*, 2012 WL 3242951 n. 1 (D.Colo. 2012) (noting a "variety of legal issues" presented by a civil theft claim in similar circumstances, including "interesting questions such as whether Mr. Mats' contribution of the capital constituted his relinquishment of any property interest in the funds themselves; whether the investment capital can be said to be discrete and traceable property thereafter passing into the hands of Mr. Mazin; and whether the economic loss rule might bar Mr. Mats from recovering in civil theft").

6

Investors, the claims against those Defendants are **DISMISSED** pursuant to Fed. R. Civ. P.

12(b)(2).  The caption of this action is **AMENDED** to remove references to those Defendants.

    Dated this 24th day of August, 2013.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge